UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 25-MC-0008 (DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| The United States Inspector General; The United States; and The United States Marshalls Service, | |
| Defendants. | |

Plaintiff Michael Fiorito is a federal prisoner currently residing at a residential reentry center ("RRC") in Minnesota. (*See* ECF No. 16 ¶ 3.) The government deemed Mr. Fiorito's testimony necessary at a criminal trial that was scheduled to begin February 2025 in the United States District Court for the Northern District of Georgia, so it sought and received permission from that court to transfer Mr. Fiorito from Minnesota to Georgia pursuant to 18 U.S.C. § 3621(d). (ECF No. 10.) In connection with the transfer request, the government removed Mr. Fiorito from the RRC and transferred him: first, to a Minnesota county jail; and later, to a federal prison in Georgia, where he was scheduled to reside until he testified at the trial. The trial was postponed, however, and the government returned Mr. Fiorito to the RRC. (*See* ECF No. 16 ¶ 3.)

This matter is before the Court on Mr. Fiorito's motion to quash under Rule 45(d)(3) of the Federal Rules of Civil Procedure, which he filed before his transfer to Georgia. (ECF No. 1.) Rule 45 establishes the requirements for subpoenas issued in civil proceedings and sets limits on the scope of such subpoenas. For example, under Rule 45(c)(1), a subpoena may command a person to attend trial only within certain geographic limitations. A person who believes he is

1

subject to a subpoena that exceeds the scope of Rule 45 may file a motion to quash or modify the subpoena in "the court for the district where compliance is required …." Fed. R. Civ. P. 45(d)(3)(A).  Mr. Fiorito argued in his motion to quash that he was beyond the geographic boundaries of any subpoena that could lawfully command him to attend trial in Georgia, and he asked the Court to "quash, and or modify, [the] subpoena" pursuant to Rule 45(d)(3).  (*See* ECF No. 1 at 1, capitalization removed.)

Mr. Fiorito's motion to quash is denied.  Mr. Fiorito was subject to a writ issued pursuant to Section 3621(d); not a subpoena issued pursuant to Rule 45.  At no point did the government serve Mr. Fiorito with a subpoena that this Court could quash or modify pursuant to Rule 45(d)(3). In any event, the writ under Section 3621(d) has now expired, and the government has returned Mr. Fiorito to the RRC in Minnesota where he resided prior to the issuance of the writ.  His request for relief is now moot as a result.[1]  Each of these reasons independently justifies denial of the motion to quash.  Finally, because Mr. Fiorito plainly is not entitled to the relief sought in his motion to quash, and because that motion is moot, Mr. Fiorito's motion for appointment of counsel is denied.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Michael Fiorito's motion to quash the subpoena (ECF No. 1) is **DENIED**.

2. Mr. Fiorito's motion to appoint counsel (ECF No. 7) is **DENIED.**

3. The Court directs the Clerk of Court to close this case.

---

[1] For that reason, the Court will not reinterpret Mr. Fiorito's motion to quash as a petition for a writ of habeas corpus.  Any request for habeas corpus relief would be mooted by Mr. Fiorito's return to Minnesota and should be denied on that basis.

Dated: April 8, 2025                     *s/ Dulce J. Foster*
                                         Dulce J. Foster
                                         United States Magistrate Judge